Approved: _____
PATRICK R. MORONEY
Assistant United States Attorney

Before: THE HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - X

**22 MAG 6915**

UNITED STATES OF AMERICA

- v. -

TYREESE BATTS,

                  Defendant.

- - - - - - - - - - - - - - - - - X

**COMPLAINT**

Violations of
21 U.S.C. §§ 841, 846

COUNTY OF OFFENSE:
BRONX

SOUTHERN DISTRICT OF NEW YORK, ss.:

      RICHARD VERGARA, being duly sworn, deposes and says that he is a Special Agent with the United States Department of Homeland Security – Homeland Security Investigations ("HSI"), and charges as follows:

**COUNT ONE**
**(Narcotics Conspiracy)**

      1.   Between in or around July 2022, up to and including in or around August 2022, in the Southern District of New York and elsewhere, TYREESE BATTS, the defendant, and others known and unknown, knowingly and intentionally did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

      2.   It was a part and an object of the conspiracy that TYREESE BATTS, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

      3.   The controlled substance that TYREESE BATTS, the defendant, conspired to distribute and possess with intent to distribute was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4. I am a Special Agent with HSI and have been personally involved in this investigation. This affidavit is based on my investigation, my conversations with other law enforcement officers and other individuals, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## The First Exchange

5. Based on my training and experience, my participation in this investigation, my conversations with two confidential sources working at the direction of law enforcement ("CS-1" and "CS-2"),[1] my review of materials provided by CS-1 and CS-2, my conversations with other law enforcement agents, and my review of law enforcement reports and records, I have learned the following:

    a. In or around early July 2022, CS-1 engaged in a series of text messages and WhatsApp communications with an individual who is believed to be based in Mexico ("CC-1") about

---

[1] CS-1 was convicted of federal robbery charges and served approximately seven years in prison. After CS-1 completed CS-1's term of imprisonment and was subject to deportation, CS-1 began working with the DEA as a confidential source. In exchange, CS-1 has received immigration benefits and has been permitted to remain in the United States. Information provided by CS-1 has been proven reliable and has been corroborated by, among other things, seizures of narcotics.

CS-2 was previously convicted and sentenced for narcotics charges. CS-2 has completed CS-2's term of incarceration and has been providing information to law enforcement in exchange for immigration benefits. Information provided by CS-2 has proven reliable and has been corroborated by, among other things, events and individuals independently observed by law enforcement and has led to multiple narcotics arrests.

purchasing 10,000 fentanyl pills, which would be delivered to New York City.[2] CC-1 said, in substance and in part, that he mails pills from Mexico to the United States and has a distributor in New Jersey who could deliver the pills to New York City. CC-1 provided a cell phone number (the "Distributor Phone-1") for his New Jersey-based distributor (the "Distributor"), whom CC-1 identified only by a nickname. CC-1 instructed CS-1 to contact the Distributor Phone-1 to arrange for delivery, and CC-1 and CS-1 agreed that payment for the pills would be made after delivery.

        b. On or about July 11, 2022, CS-2 contacted the Distributor Phone-1 to arrange for pickup of the 10,000 pills. CS-2 communicated with the Distributor through a series of recorded calls, which CS-2 made from the Bronx. During these calls, CS-2 explained that CS-2 was in the Bronx, to which the Distributor responded: "Are you coming to get it? Because I live in New Jersey." After the Distributor said that she would not be able "to get anybody to go out to the Bronx," CS-2 agreed to drive to New Jersey. The Distributor provided an address in Elizabeth, New Jersey (the "Elizabeth Address") for the meeting, and explained that her "person" would meet CS-2.

        c. Later that day, CS-2 informed the Distributor that CS-2 was five minutes away from the Elizabeth Address. After CS-2 arrived, another individual - later identified as TYREESE BATTS, the defendant - entered CS-2's vehicle and gave CS-2 a shopping bag. BATTS told CS-2, in substance and in part, that the Distributor was afraid to meet in person and so BATTS would be meeting with CS-2 for future exchanges.

        d. The shopping bag from BATTS was found to contain ten individual bags of approximately 1,000 pills each. The total weight of the pills is slightly more than one kilogram, and a laboratory analysis determined that the pills contain fentanyl. A photograph of the pills is shown below.

---

[2] CS-1's communications with CC-1 were in Spanish. The substance of those communications has been described to me by CS-1 and members of law enforcement who speak Spanish fluently.

3



### The Second Exchange and Arrest

6. Based on my training and experience, my participation in this investigation, my conversations with CS-1 and with another confidential source working at the direction of

4

shown below. As the picture reflects, those pills are similar in appearance to the pills that BATTS provided to CS-2 on or about July 11, 2022, all of which – based on my training and experience – appear to be nearly indistinguishable from legitimate oxycodone pills, which are generally blue and bear an "M 30" inscription.



7. Based on my participation in this investigation, I know that TYREESE BATTS, the defendant, gave consent to law enforcement to review the cell phone recovered from his person when he was arrested. My review of that phone identified what appear to be discussions about amounts and prices of narcotics.

6

WHEREFORE, I respectfully request that TYREESE BATTS, the defendant, be imprisoned or bailed, as the case may be.

_____
Richard Vergara
Special Agent
HSI

Sworn to before me, this
23rd day of August, 2022

_____
THE HONORABLE SARAH L. CAVE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

7